Filed 6/2/26  P. v. Cook CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRYAN COOK,<br><br>    Defendant and Appellant. | B342838<br>(Los Angeles County<br> Super. Ct. No. BA392115) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Bryan Cook appeals from the summary denial of his postconviction petition for resentencing under Penal Code section 1172.6.[1]  His appointed appellate counsel filed a brief raising no issues and requesting we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant has submitted an untimely supplemental brief.  We affirm.

## BACKGROUND

In 2013, a jury convicted defendant of various offenses that included attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a)) with firearm (§ 12022.53, subds. (b)–(c), (e)(1)) and gang enhancement findings (§ 186.22, subd. (b)(1)).  For this offense, defendant was sentenced to life imprisonment with 15 years minimum parole eligibility.

In July 2024, defendant filed a form petition for resentencing.  (§ 1172.6, subd. (a).)  Following the appointment of counsel, briefing, and a prima facie hearing, the court denied the petition, finding defendant's attempted murder conviction was based on direct aiding and abetting.  Defendant appealed.

## DISCUSSION

"When appointed counsel finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed

---

[1]     All subsequent references to statutes are to Penal Code.

within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232; see *id.* at p. 222 [appeal may be dismissed if no "supplemental brief or letter is *timely* filed," italics added].)

Following counsel's filing of a *Delgadillo* brief, on December 29, 2025, this court notified defendant he had 30 days, or until January 28, 2026, to file a supplemental brief raising arguable issues or contentions in this appeal. The notice informed defendant that if "no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned." Defendant's handwritten supplemental brief is dated February 27, 2026. The brief was placed in the mail on March 3 and was received by this court three days later. Under any of these dates, defendant's supplemental brief is untimely.[2] We deem his appeal abandoned. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

"Nevertheless, we determine, based on our independent review of the record" (*Delgadillo*, *supra*, 14 Cal.5th at p. 233), that defendant is ineligible for section 1172.6 relief. As recognized in briefing below, defendant was not convicted of attempted murder under the natural and probable consequences doctrine. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [resentencing eligibility "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) Contrary to the single contention raised in

---

[2] "A document is deemed filed on the date the clerk receives it." (Cal. Rules of Court, rule 8.25(b)(1).) "If the clerk receives a document by mail from an inmate . . . in a custodial institution after the period for filing the document has expired but the envelope shows that the document was mailed . . . within the period for filing the document, the document is deemed timely." (*Id.*, rule 8.25(b)(5).)

defendant's supplemental brief, the jury instructions on aiding and abetting did not contain ambiguous language from which the jury could impute malice. Those instructions required the aider and abettor to give aid, encouragement, or instigate the attempted killing with knowledge of the shooter's intent to kill and with the purpose of facilitating the accomplishment of that intended killing. (CALJIC Nos. 3.00–3.01, 8.66.) In other words, the jury had to find "that the person guilty of attempted murder as an aider and abettor [who] must intend to kill." (*People v. Lee* (2003) 31 Cal.4th 613, 624.)

## DISPOSITION

The postconviction order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

COGLIATI, J. **

---

** Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

4